UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
SHEREE SHIELDS                :    Civ. No. 3:21CV01287(SALM)
                              :
v.                            :
                              :
UNITED VAN LINES              :    December 9, 2021
                              :
------------------------------x
```

### RULING ON MOTION TO REMAND TO SUPERIOR COURT [Doc. #11]

Plaintiff Sheree Shields ("plaintiff") has filed a motion seeking to remand this matter to the Superior Court of Connecticut. [Doc. #11]. Defendant United Van Lines ("defendant") has filed a memorandum in opposition to plaintiff's motion [Doc. #18], to which plaintiff has filed a reply [Doc. #19]. For the reasons stated below, plaintiff's Motion to Remand to Superior Court [**Doc. #11**] is **DENIED**.

### I.   Background

On or about May 21, 2020, plaintiff hired defendant "to bind, load, and deliver [her] household goods from West Hartford, Connecticut to Potomac, Maryland." Doc. #1-1 at 1. Plaintiff alleges that on August 3, 2020, when defendant "packed and loaded" some items onto its truck, defendant "failed to load any of the Plaintiff's Tiffany and Co. diamond jewelry and other precious metals." Id. On August 5, 2021, plaintiff reported the "theft" to defendant, as well as to the West Hartford Police

1

Department. Doc. #1-1 at 1. As of the filing of the Complaint, plaintiff alleges that "[d]efendant has not paid any reimbursement money to the Plaintiff[.]" Id.

On August 24, 2021, plaintiff filed suit in the Connecticut Superior Court against defendant alleging state law claims for: (1) Statutory Theft; (2) Conversion; (3) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"); (4) Negligent Infliction of Emotional Distress; and (5) Negligent Hiring, Training, and Supervision. See generally Doc. #1-1. On September 27, 2021, defendant removed plaintiff's action to this Court "because the Carmack Amendment to the ICC Termination Act of 1995, 49 U.S.C. §14706, governs Plaintiff's claims for loss or damage to an interstate shipment of household goods." Doc. #1 at 1. Defendant therefore asserts that "[r]emoval is proper pursuant to 28 U.S.C. §§1331, 1337(a), 1441 and 1445(b)[.]" Id.

## II. Applicable Law, Generally

Pursuant to 28 U.S.C. §1441,

any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441(a).

Defendant, as the removing party, bears the burden of establishing subject matter jurisdiction. See Curcio v. Hartford

2

Fin. Servs. Grp., 469 F. Supp. 2d 18, 21 (D. Conn. 2007). "In the absence of diversity of citizenship, the district court has original jurisdiction only if the case arises under federal law, pursuant to 28 U.S.C. §1331." Id. (citation and quotation marks omitted). "Section 1331 federal question jurisdiction depends on whether a federal claim is contained in the plaintiff's well-pleaded complaint; this rule is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." London v. Sikorsky Aircraft Corp., 472 F. Supp. 2d 194, 199 (D. Conn. 2007) (citation and quotation marks omitted). "The well-pleaded complaint rule[] ... provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Curcio, 469 F. Supp. 2d at 21 (citation and quotation marks omitted); see also Counter v. United Van Lines, Inc., 935 F. Supp. 505, 507 (D. Vt. 1996) ("Under the well-pleaded complaint rule, federal question jurisdiction exists only if the face of the plaintiff's complaint reveals an issue of federal law.").[1]

---

[1] "The artful-pleading doctrine, a corollary to the well-pleaded-complaint rule, rests on the principle that a plaintiff may not defeat federal subject-matter jurisdiction by artfully pleading his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law." Sullivan v. American Airlines, Inc., 424 F.3d 267, 271 (2d Cir. 2005) (citation and quotation marks omitted).

"[T]he presence of a federal question in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule, and removal based on a federal defense is normally impermissible." London, 472 F. Supp. 2d at 199 (citation and quotation marks omitted). An exception to this, however, is the "complete preemption doctrine[.]" Whitehurst v. 1199SEIU United Healthcare Workers E., 928 F.3d 201, 206 (2d Cir. 2019). "Complete preemption occurs when the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id. (citation, quotation marks, and footnote omitted).

"Thus, while federal preemption and removal jurisdiction are conceptually separate issues, the defendant must be able to properly recharacterize plaintiff's state law action as an action under [the Carmack Amendment] for federal court subject matter jurisdiction under the complete preemption doctrine." London, 472 F. Supp. 2d at 199. Accordingly, the issue before the Court is whether plaintiff's state law claims are completely preempted by the Carmack Amendment, and therefore subject to this Court's jurisdiction.

4

III. **Discussion**

Plaintiff contends that "[r]emoval is improper because the Carmack Amendment is not applicable given the facts raised in the ... complaint," and that, therefore, the Court does not have subject matter jurisdiction over plaintiff's claims. Doc. #11 at 1. Plaintiff asserts, in pertinent part, that her claims are not preempted by the Carmack Amendment because: (1) the claims alleged in the Complaint "do not fall within the ambit of federal regulation[;]" and (2) the jewelry at issue "was not on the bill of lading contract, nor did it ever leave the State of Connecticut." Doc. #11 at 3.[2]

Defendant responds that removal is proper on several grounds, and that the Carmack Amendment completely preempts plaintiff's state law claims. See generally Doc. #18. In reply, plaintiff reiterates that the Carmack Amendment is not applicable because the jewelry "was not listed on the bill of lading[]" and because the jewelry was stolen, "ostensibly never left the state of Connecticut." Doc. #19 at 5.

---

[2] Plaintiff also asserts what is essentially a public policy argument that "Connecticut has a strong interest in protecting its residents against crimes, and violations of its torts and common laws." Doc. #11 at 4. The Court is not persuaded that public policy grounds would provide an exception to complete preemption.

"The Carmack Amendment ... addresses the subject of carrier liability for goods lost or damaged during shipment, and most importantly provides shippers with the statutory right to recover for the actual loss or injury to their property caused by any of the carriers involved in the shipment." Cleveland v. Beltman N. Am. Co., 30 F.3d 373, 377 (2d Cir. 1994) (emphases removed). In enacting the Amendment, "Congress intended to provide interstate carriers with reasonable certainty and uniformity in assessing their risks and predicting their potential liability[]" by (1) "establishing a single uniform regime for recovery," and (2) "preempting the shipper's state and common law claims against a carrier for loss or damage to goods during shipment." Project Hope v. M/V IBN SINA, 250 F.3d 67, 73 n.6 (2d Cir. 2001) (citations and quotation marks omitted). Thus, "[t]he Carmack Amendment "preempts all state law on the issue of interstate carrier liability." Aviva Trucking Special Lines v. Ashe, 400 F. Supp. 3d 76, 79 (S.D.N.Y. 2019); Materazzi v. Atlas Van Lines, Inc., 180 F. Supp. 2d 408, 410 (E.D.N.Y. 2001) ("The Second Circuit has previously held that the Carmack Amendment fully occupies its particular field and thus completely preempts state common law."). "In fact, the preemptive effect of the Carmack Amendment on state law has been

6

recognized for nearly a century." <u>Materazzi</u>, 180 F. Supp. 2d at 410.

Each of plaintiff's state law claims arises from the loss of her jewelry during the course of an interstate move. Accordingly, plaintiff's claims are completely preempted by the Carmack Amendment. Plaintiff's arguments to the contrary are unpersuasive.

First, plaintiff asserts that the Carmack Amendment is not applicable because the jewelry at issue was not listed on the bill of lading. <u>See</u> Doc. #11 at 2; Doc. #19 at 2, 5. Plaintiff provides no authority to support her argument that failure to list items on a bill of lading exempts claims related to those items from the ambit of the Carmack Amendment. Indeed, given that "[f]ailure to issue a receipt or bill of lading does not affect the liability of a carrier[,]" 49 U.S.C. §14706(a)(1), then logically, the failure to list items on a bill of lading similarly would not affect the liability of a carrier, or otherwise exempt a transaction from the coverage of the Carmack Amendment.

Second, plaintiff asserts that her claims are not subject to the Carmack Amendment because "the subject items were stolen, and ostensibly never left the state of Connecticut." Doc. #19 at 5. Thus, plaintiff asserts "[b]ecause the jewelry never traveled

7

over state lines, the plaintiffs loss it is not subject to the protections of Carmack or to federal courts based on the federal courts subject matter jurisdictional power to hear cases regarding interstate commerce[.]" Doc. #19 at 5 (sic); see also Doc. #11 at 2. Defendant asserts that plaintiff's argument is improper and without any legal basis, but nevertheless contends that "[t]he Carmack Amendment is 'comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreement transportation.'" Doc. #18 at 7 n.3 (quoting Georgia, F. & A. Ry. Co. v. Blish Milling Co., 241 U.S. 190, 196 (1916)).

Plaintiff again fails to support her argument with citation to any relevant authority. Plaintiff alleges in the Complaint that she "hired" defendant "to bind, load, and deliver [her] household goods" from Connecticut to Maryland, and although defendant "packed and loaded" some of plaintiff's household goods onto its truck, it "failed to load any of" the plaintiff's subject jewelry. Doc. #1-1 at 1. Plaintiff fails to acknowledge the broad definition of "transportation" under the Carmack Amendment, which includes, inter alia: "services related to th[e movement of property], including arranging for, receipt, delivery, ... handling, [and] packing[.]" 49 U.S.C. §13102(23)(b). Accordingly, because plaintiff alleges that the

theft occurred during the loading and packing portion of her interstate move, whether the jewelry ever left Connecticut is irrelevant to the question of preemption under the Carmack Amendment. See, e.g., Brody v. Liffey Van Lines, Inc., No. 13CV05719(CM), 2014 WL 2450807, at *4 (S.D.N.Y. May 29, 2014) ("Carmack applies both to claims of damage or loss while goods are in interstate transit, but also to related services, including arranging for, receiving, delivering, storing, handling, packing and unpacking such goods.").

Finally, plaintiff asserts that her state law claims are not completely preempted. Plaintiff contends: "Deceptive trade practices, such as statutory theft, as plead, do not fall within the ambit of ... the Carmack Amendment." Doc. #11 at 3. Defendant responds that removal "is proper because the allegations in Plaintiff's Complaint solely arise from the interstate transportation of Plaintiff's household goods and personal belongings." Doc. #18 at 6.

A review of plaintiff's Complaint, although couched in state law, reveals that each of her claims ultimately arises from the loss of her jewelry during the course of an interstate move. "[N]umerous district courts have held that the Carmack Amendments completely preempt state law claims for damages and losses incurred in interstate shipping of goods." Sorrentino v.

9

Allied Van Lines, Inc., No. 3:01CV01449(AHN), 2002 WL 32107610, at *2 (D. Conn. Mar. 22, 2002). For example, in her statutory theft and conversion claims, plaintiff claims that she "has been damaged and suffers from the loss of her property" and "has not been compensated for her valuables or had them returned to her possession." Doc. #1-1 at 2, 3. The loss of plaintiff's property is central to her claims for statutory theft and conversion, which are therefore preempted by the Carmack Amendment. See Hammock v. Moving State to State, LLC, No. 18CV05628(RPK)(ST), 2021 WL 4398086, at *4 (E.D.N.Y. Sept. 26, 2021) ("[P]laintiff's state-law claims [including conversion] against any carrier relating to the loss or damage of his property are preempted.").

Plaintiff's CUTPA claim also directly arises from the loss of plaintiff's jewelry during the course of an interstate move. The Complaint alleges: "The Defendant engaged in deceptive conduct, attempting to conceal the theft of the Plaintiff's personal property by omitting the valuable jewelry from the Bill of Lading. ... There is a clear and ascertainable loss suffered by the Plaintiff that has been caused by the Defendant's deceptive and unfair conduct." Doc. #1-1 at 3. Because plaintiff's CUTPA damages flow directly from the loss of her personal property during the course of an interstate move, this claim is also preempted by the Carmack Amendment. See, e.g.,

Design X Mfg., Inc. v. ABF Freight Sys., Inc., 584 F. Supp. 2d
464, 467–68 (D. Conn. 2008) (granting summary judgment for
defendant on plaintiff's CUTPA and common law negligence claims
because such claims are preempted by the Carmack Amendment);
Taylor v. Mayflower Transit, Inc., 22 F. Supp. 2d 509, 511
(W.D.N.C. 1998) ("But for this interstate move, Plaintiffs would
have no alleged claim for unfair and deceptive trade practices.
... [T]he unfair and deceptive trade practices claim does not
state a separate cause of action divisible from the interstate
shipment of their household goods. Accordingly, that claim is
preempted by the Carmack Amendment[.]"); Ensign Yachts, Inc v.
Arrigoni, No. 3:09CV00209(VLB), 2010 WL 918107, at *5 (D. Conn.
Mar. 11, 2010) (dismissing CUTPA claim based on preemption by
the Carmack Amendment); Hammock, 2021 WL 4398086, at *4, supra.

Plaintiff's claim for negligent infliction of emotional
distress also directly arises from the loss of plaintiff's goods
during the course of an interstate move. Plaintiff alleges that
certain stolen items "are irreplaceable" and their "permanent
deprivation has caused the Plaintiff distress[.]" Doc. #1-1 at
4. Again, this claim, like the others, seeks damages flowing
from plaintiff's agreement with defendant to ship her goods from
Connecticut to Maryland. Accordingly, it is also preempted by
the Carmack Amendment. See, e.g., White v. Mayflower Transit,

L.L.C., 543 F.3d 581, 586 (9th Cir. 2008) ("[T]he Carmack Amendment preempts a claim for intentional infliction of emotional distress to the extent that it arises from the same conduct as the claims for delay, loss or damage to shipped property."); Glass v. Crimmins Transfer Co., 299 F. Supp. 2d 878, 887 (C.D. Ill. 2004) (Carmack Amendment preempted state law claim for negligent infliction of emotional distress where "the emotional distress ... arose directly from the carrier's mis-handling of the property" and was not "a 'separate' harm.").

Last, plaintiff asserts a claim for negligent hiring, training, and supervision. See Doc. #1-1 at 4-5. Again, this claim arises directly from the alleged loss of plaintiff's jewelry during an interstate move. Plaintiff alleges, in pertinent part: "The Defendant failed to properly hire agents that would perform the services paid for by the Plaintiff." Id. at 4. Accordingly, this claim is also preempted by the Carmack Amendment. See Olympian Worldwide Moving & Storage Inc. v. Showalter, No. 13CV00245(PHX)(NVW), 2013 WL 3875299, at *3 (D. Ariz. July 26, 2013) (Plaintiff's negligent hiring claim was preempted by the Carmack Amendment because "it only arises because of the same underlying conduct: failure to deliver. Allowing this claim to stand would counter the uniformity of liability for common carrriers." (sic)); Groupo Floristar, S. de

<u>R.L. de C.V. v. FFE Transportation Serv., Inc.</u>, No. 4:06CV02098(DH), 2007 WL 9751917, at *3 (S.D. Tex. Apr. 19, 2007) (state and common law claims preempted by Carmack Amendment, including claim for negligent hiring).

Accordingly, plaintiff's state law claims are completely preempted by the Carmack Amendment, and removal to this Court was proper. Therefore, plaintiff's Motion to Remand to Superior Court [Doc. #11] is DENIED. <u>See</u> <u>Sorrentino</u>, 2002 WL 32107610, at *2 ("Here, although Sorrentino has crafted his claims under state law, he alleges that his loss occurred during the interstate shipment of his goods. Accordingly, the court concludes that his claims are completely preempted by the Carmack Amendments and are thus removable to this court pursuant to 28 U.S.C. §§1337 and 1331."); <u>Consol. Rail Corp. v. Primary Indus. Corp.</u>, 868 F. Supp. 566, 574 (S.D.N.Y. 1994) (common law contract and tort claims preempted where the claims "seek damages flowing from shipment agreements with Conrail," because "[t]he Carmack Amendment governs the parties' rights and liabilities under this situation[]").

**IV.** **<u>Conclusion</u>**

Thus, for the reasons stated, plaintiff's Motion to Remand to Superior Court [**Doc. #11**] is **DENIED**.

Defendant has filed a motion to dismiss plaintiff's

13

Complaint on several grounds, including that her state law claims are preempted by the Carmack Amendment. <u>See</u> Doc. #9 at 15. In light of this Ruling, the Court will permit plaintiff an opportunity to file an amended complaint asserting a claim or claims pursuant to the Carmack Amendment. Any amended complaint must be filed on or before **January 4, 2022**, and will completely supersede the original Complaint. If plaintiff does not file an amended complaint by the deadline, the Court will promptly address defendant's motion to dismiss.

It is so ordered at New Haven, Connecticut, this 9th day of December, 2021.

/s/ Sarah A. L. Merriam, USDJ

HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE